IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
CENTER FOR BIOLOGICAL                       )
DIVERSITY, <u>et al.</u>                           )
)
     Plaintiffs,                           )
)
     v.                                   )          Civ. Action No. 06-CV-1350 (GK)
)
STEPHEN L. JOHNSON, in his official         )
capacity as Administrator, United States    )
Environmental Protection Agency,            )
1200 Pennsylvania Avenue, N.W.              )
Washington, D.C.  20460, and                )
)
UNITED STATES ENVIRONMENTAL                 )
PROTECTION AGENCY,                          )
1200 Pennsylvania Avenue, N.W.              )
Washington, D.C.  20460                     )
)
     Defendants.                           )
_____)

## EPA'S MOTION TO DISMISS FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER

Defendants Stephen L. Johnson, in his official capacity as Administrator, United States Environmental Protection Agency, and United States Environmental Protection Agency (collectively "EPA"), hereby move to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(3), or in the alternative, to transfer the Complaint to the United States District Court for the Western District of Kentucky, pursuant to 28 U.S.C. § 1406(a).

As discussed in the accompanying memorandum, Plaintiffs' claims relate to EPA's oversight of the Commonwealth of Kentucky's regulation of air emissions from a coal-fired power plant in Muhlenberg County, Kentucky. Plaintiffs allege in part that EPA has unreasonably delayed taking certain actions under the Clean Air Act concerning this plant and

concerning the Commonwealth of Kentucky's air emission regulatory program. Pursuant to the

applicable Clean Air Act venue provision, 42 U.S.C. § 7604(a), these unreasonable delay claims

may only be filed in a district court within the Sixth Circuit. Accordingly, Plaintiffs' Complaint

may not proceed in this Court, and Plaintiffs' Complaint should either be dismissed or

transferred. Should the Court elect to exercise its discretion to transfer the case rather than

dismiss it, transfer to the Western District of Kentucky would be appropriate, because the plant

that is the principal focus of Plaintiffs' Complaint is located within that judicial district.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources
          Division
U.S. Department of Justice


              /s/
_____
ERIC G. HOSTETLER, Attorney
D.C. Bar No. 445917
Environmental Defense Section
P.O. Box 23986
L'Enfant Plaza Station
Washington, D.C. 20026-3986
Of Counsel                              (202) 305-2326

APPLE CHAPMAN
Office of General Counsel
United States Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

VERA KORNYLAK
Office of Regional Counsel
United States Environmental Protection Agency
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W.
Atlanta, GA 30303-8960          DATED: October 10, 2006

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
CENTER FOR BIOLOGICAL                   )
DIVERSITY, <u>et al.</u>                )
                                        )
        Plaintiffs,                     )
                                        )
        v.                              )         Civ. Action No. 06-CV-1350 (GK)
                                        )
STEPHEN L. JOHNSON, in his official     )
capacity as Administrator, United States )
Environmental Protection Agency, <u>et al.</u> )
                                        )
        Defendants.                     )
_____)

## MEMORANDUM IN SUPPORT OF EPA'S MOTION TO DISMISS
## FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

ERIC G. HOSTETLER, Attorney
D.C. Bar No. 445917
Environmental Defense Section
P.O. Box 23986
L'Enfant Plaza Station
Washington, D.C.  20026-3986
(202) 305-2326

<u>Of Counsel</u>

APPLE CHAPMAN
Office of General Counsel
United States Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C.  20460

VERA KORNYLAK
Office of Regional Counsel
United States Environmental Protection Agency
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W.
Atlanta, GA 30303-8960

**INTRODUCTION**

This suit has been brought in an improper venue, and pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), Plaintiffs' entire Complaint should either be dismissed or transferred to the United States District Court for the Western District of Kentucky.

Plaintiffs' claims relate to the United States Environmental Protection Agency's ("EPA's") oversight of the Commonwealth of Kentucky's regulation of air emissions, and in particular, to EPA's oversight of Kentucky's regulation of a coal-fired power plant in Muhlenberg County, Kentucky operated by the Tennessee Valley Authority ("the Paradise Plant").

Plaintiffs bring four claims against EPA under the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604. Two of Plaintiffs' claims seek to compel EPA action that allegedly has been unreasonably delayed. See Complaint ¶¶ 75-92 (Third Claim for Relief and Fourth Claim for Relief). Pursuant to the applicable Clean Air Act venue provision, 42 U.S.C. § 7604(a), these unreasonable delay claims may only be filed in a district court within the Sixth Circuit. Accordingly, this case has been brought in an improper venue, and the case should either be dismissed or transferred. Because the plant that is the principal focus of Plaintiffs' claims is located within the Western District of Kentucky, transfer to that judicial district would be most appropriate should the Court elect to exercise its discretion to transfer instead of dismiss.

While Plaintiffs, in addition to their unreasonable delay claims, bring related nondiscretionary duty claims that are not subject to the same venue restriction applicable to unreasonable delay claims, it is still in the interest of justice for Plaintiffs' Complaint to be either dismissed or transferred in its entirety. It would not be in the interest of judicial efficiency for related claims to be split apart and litigated in two separate forums. Moreover, it is in the public

interest for claims related to a plant in Kentucky to be resolved in Kentucky so that a localized

controversy can be resolved in the region that it impacts.

## BACKGROUND

## I.    STATUTORY AND REGULATORY BACKGROUND

The Clean Air Act, 42 U.S.C. §§ 7401-7671q, enacted in 1970 and extensively amended

in 1977 and 1990, is intended to "protect and enhance the quality of the Nation's air resources so

as to promote the public health and welfare." 42 U.S.C. § 7401(b)(1). The Clean Air Act sets up

a comprehensive and extraordinarily detailed program for control of air pollution through a

system of shared federal and state responsibility.

### A.  The Title V Permit Program

The Clean Air Act directs the Administrator to promulgate regulations establishing the

minimum requirements for operating permit programs to be administered by states and other

permitting authorities pursuant to title V of the Clean Air Act ("Title V"). 42 U.S.C. § 7661a(b).

The regulations establishing such requirements are set forth in 40 C.F.R. pt. 70 ("Part 70"). The

Clean Air Act calls upon each state to develop and submit to the Administrator an operating

permit program intended to meet the requirements of Title V and Part 70. 42 U.S.C.

§ 7661a(d)(1). The Commonwealth of Kentucky has received full approval of its operating

permit program from the Environmental Protection Agency ("EPA"). 66 Fed. Reg. 54,953 (Oct.

31, 2001). Its permitting authority is the Kentucky Division of Air Quality ("KDAQ").

Under Title V, all major stationary sources of air pollution and certain other sources are

required to have Title V operating permits which, among other things, include enforceable

emission limitations and other conditions necessary to assure compliance with applicable

requirements of the Clean Air Act. 42 U.S.C. §§ 7661a(a), 7661c(a). Title V and Part 70

prescribe requirements for the processing of permit applications and the issuance of permits. 42 U.S.C. § 7661d(a) and 40 C.F.R. § 70.8(a) require that state permitting authorities submit each proposed permit to the Administrator of EPA for review.

Upon receipt of a proposed permit, the Administrator has 45 days to object to final issuance of the permit if he determines the permit does not comply with the requirements of Part 70 and applicable Clean Air Act requirements. 42 U.S.C. § 7661d(b)(1); 40 C.F.R. § 70.8(c) (providing for an objection within 45 days of the Administrator's receipt of the proposed permit and all necessary supporting information). If the Administrator does not object to a permit during its 45-day review period, then any person may petition the Administrator, within 60 days of the expiration of the 45-day review period, to object to the permit. See 42 U.S.C. § 7661d(b)(2); 40 C.F.R. § 70.8(d). The Administrator must grant or deny such petition within 60 days after the petition has been filed. 42 U.S.C. § 7661d(b)(2).

## B. Citizen Suits

The Clean Air Act contains a citizen suit provision pursuant to which a person may bring an action against the EPA Administrator in district court "where there is alleged a failure of the Administrator to perform any act or duty under [the Clean Air Act] which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2). In addition, under this citizen suit provision, a person may bring an action against the EPA Administrator to compel performance of any discretionary duty under the Act which is "unreasonably delayed." 42 U.S.C. § 7604(a). However, "an action to compel agency action referred to in [42 U.S.C. § 7607(b)] which is unreasonably delayed may only be filed in a United States District Court within the circuit in which such action would be reviewable under [42 U.S.C. § 7607(b)]." Id. Section 307 of the Act in turn provides in relevant part that a petition for review of "any . . . final action of the

Administrator [under the Act] . . . <u>which is locally or regionally applicable</u> may be filed only in

the United States Court of Appeals for the appropriate circuit." 42 U.S.C. § 7607(b). (emphasis

added). Thus, a lawsuit seeking review of agency action under the Clean Air Act that is locally

or regionally applicable may only be filed in the appropriate regional court of appeals, and an

unreasonable delay lawsuit seeking to compel such agency action may be filed only in a district

court within the appropriate regional judicial circuit.

## II.    FACTUAL BACKGROUND

The Tennessee Valley Authority operates a coal-fired power plant in Muhlenberg

County, Kentucky ("the Paradise Plant"). In January 2005, the State of Kentucky transmitted for

EPA's review a draft Title V permit for this facility. Complaint ¶ 48.[1] Pursuant to its authority

under section 505(b) of the Clean Air Act, 42 U.S.C. § 7661d(b), on February 18, 2005, EPA

formally objected to the issuance of the proposed permit. Complaint ¶ 59. Subsequently, on

April 21, 2005, Plaintiffs Center for Biological Diversity, Preston Forsythe, and Hilary Lambert

filed an administrative petition with EPA requesting that EPA object to the permit on largely

different grounds than those on which the Administrator based his objection. <u>Id</u>. ¶ 61.

Plaintiffs' administrative Title V petition also included a separate request for EPA to promulgate

a rule to require Kentucky to amend its State Implementation Plan to incorporate the Credible

Evidence Rule. <u>Id.</u> ¶ 85.

Plaintiffs filed the instant Complaint on July 31, 2006. Plaintiffs bring four claims for

relief under the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a). First, Plaintiffs

---

[1] In their Complaint, Plaintiffs characterize Kentucky's proposed permit for the Paradise Plant as a "final" permit. <u>See</u> Complaint ¶ 58. While the finality of the permit is not material with respect to resolution of the instant motion to dismiss or transfer, EPA notes that it disputes Plaintiffs' allegation that Kentucky issued a final permit. EPA avers that Kentucky transmitted to EPA a proposed permit for EPA's review and that Kentucky never issued a final permit.

bring a claim contending that EPA has failed to comply with an alleged nondiscretionary duty under Clean Air Act section 505(b)(2), 42 U.S.C. § 7661d(b)(2), to respond to Plaintiffs' petition for EPA to object to the Title V Operating Permit for the Paradise Plant.  Complaint ¶¶ 64-68. Second, Plaintiffs bring a claim contending that EPA has failed to comply with an alleged nondiscretionary duty under Clean Air Act section 505(b)(3), 42 U.S.C. § 7661d(b)(3), to "modify, terminate or revoke" the Title V Operating Permit for the Paradise Plant.  Id. ¶¶ 69-74. Third, Plaintiffs bring a claim alleging, in the alternative, that EPA has unreasonably delayed performing the alleged duty under section 505(b)(3) to "modify, terminate, or revoke" the Title V Operating Permit.  Id. ¶¶ 75-83.  Fourth, Plaintiffs bring a claim alleging that EPA has unreasonably delayed responding to Plaintiffs' petition for EPA to promulgate a rule requiring Kentucky to amend its State Implementation Plan[2] to explicitly incorporate the credible evidence rule.  Id. ¶¶ 84-92.[3]

After Plaintiffs filed this suit, Kentucky took action to withdraw its proposed permit for the Paradise Plant and indicated it would be submitting a new draft permit for the plant in the near future.  See August 18, 2006, Letter from John S. Lyons, Kentucky Division for Air Quality, to Alan Farmer, U.S. EPA Region 4 (Attachment 1).

---

[2]  The States have primary responsibility, subject to EPA oversight, for ensuring that ambient air meets national ambient air quality standards ("NAAQS").  42 U.S.C. § 7407(a).  For each applicable pollutant, States must draft State Implementation Plans ("SIPs"), which are subject to EPA approval, specifying emission limitations applicable to pollution sources and other measures necessary to provide for "implementation, maintenance, and enforcement" of the relevant NAAQS.  Id. § 7410(a).

[3]  In 1997 EPA promulgated "the Credible Evidence Rule."  62 Fed. Reg. 8314 (Feb. 24, 1997). This rule amended EPA regulations implementing the Clean Air Act at 40 C.F.R. Parts 51, 52, 60 and 61, to clarify that nothing in those regulations precludes the use of any credible evidence or information to show compliance or noncompliance by sources of air pollution with applicable emission limitations and standards.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) permits a defendant at the outset of litigation to move to dismiss a case that has been brought in an improper venue.  Mondaressi v. Vedadi, 441 F. Supp. 2d 51, 53 (D.D.C. 2006).  If the plaintiff's chosen forum is an improper venue under applicable law, then the court shall either "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a). The decision regarding whether to dismiss an action brought in an improper venue or transfer it rests within the court's sound discretion.  Crenshaw v. Antokol, 287 F. Supp. 2d 37, 42-43 (D.D.C. 2003).

Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper.  Freeman v. Fallin, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).  Furthermore, a plaintiff must establish venue for each cause of action.  Mondaressi v. Vedadi, 441 F. Supp. 2d at 53.

Under the circumstance where some of multiple claims within a complaint are brought in an improper venue, then "[i]t is in the interest of justice to transfer the entire complaint rather than to have it heard in two different venues."  McCullough v. Bureau of Prisons, No. 05-CV-374, 2006 WL 667166, at *3 (D.D.C. Mar. 15, 2006) (citation & quotation marks omitted).  See also Ridgely v. Chao, No. Civ. A. 05-1033, 2006 WL 626919, at *4 (D.D.C. Mar. 13, 2006); Saran v. Harvey, No. Civ. A. 04-1847, 2005 WL 1106347, at *4 (D.D.C. May 9, 2005); Crenshaw v. Antokol, 287 F. Supp. 2d at 42-43, 45.

**ARGUMENT**

I.     **PLAINTIFFS' UNREASONABLE DELAY CLAIMS RELATED TO REGULATION OF AIR EMISSIONS FROM PLANTS IN KENTUCKY MAY BE BROUGHT ONLY IN A DISTRICT COURT WITHIN THE SIXTH CIRCUIT**

   A.     **The General Venue Statute is Inapplicable**

   To support venue in this Court, Plaintiffs rely solely on the general venue provision at 28 U.S.C. § 1391.  Complaint ¶ 6.  However, the standard contained in the general venue statute is inapplicable to Plaintiffs' unreasonable delay claims brought under the citizen suit provision of the Clean Air Act, 42 U.S.C. § 7604(a).  The applicable standard for determining venue for unreasonable delay claims brought under the Clean Air Act is set forth in the Act itself at 42 U.S.C. § 7604 and is as follows:

> The district courts of the United State shall have jurisdiction to compel . . . agency action unreasonably delayed, except that an action to compel agency action referred to in section 7607(b) of this title which is unreasonably delayed may <u>only be filed in the United States District Court within the circuit in which such action would be reviewable under section 7607(b) of this title.</u>

42 U.S.C. § 7604(a) (emphasis added).   Thus, the special venue provision applicable to unreasonable delay claims contained within the Clean Air Act citizen suit provision <u>requires</u> that unreasonable delay claims be brought within the circuit in which the action sought to be performed would be judicially reviewable.  Because this special statutory venue provision <u>requires</u> unreasonable delay claims to be brought in specified venues, this provision renders the general venue provision at 28 U.S.C. § 1391 inapplicable.  <u>See</u> 28 U.S.C. § 1391 (setting forth appropriate venue "except as otherwise provided by law").

   The judicial review provision of the Clean Air Act, 42 U.S.C. § 7607(b)(1), specifies where EPA actions under the Clean Air Act are reviewable.  This provision provides in relevant part that, "A petition for review of . . . final action of the Administrator under this chapter . . .

which is locally or regionally applicable may be filed only in the United States Court of Appeals for the appropriate circuit." Thus, pursuant to 42 U.S.C. § 7604 and 42 U.S.C. § 7607(b)(1), parties bringing unreasonable delay claims seeking to compel agency action which is locally or regionally applicable must file such suit only in a district court within the appropriate regional circuit.

**B.     Plaintiffs' Unreasonable Delay Claims Have Been Brought in an Improper Venue**

In this case, Plaintiffs bring two unreasonable delay claims under Clean Air Act section 304(a), 42 U.S.C. § 7604(a).   See Complaint ¶¶ 75-92 (Third and Fourth Claims for Relief).  As discussed below, both of these unreasonable delay claims seek to compel agency actions which are locally or regionally applicable because they relate to air emissions from sources in Kentucky.  Because Kentucky is within the Sixth Circuit and not the D.C. Circuit, Plaintiffs' unreasonable delay claims cannot be brought in this Court.

**1.     Plaintiffs' Third Claim for Relief Has Been Brought in an Improper Venue**

Plaintiffs in their Third Claim for Relief allege that EPA has unreasonably delayed taking action to "modify, terminate, or revoke" a Title V operating permit issued by Kentucky for the Tennessee Valley Authority's Paradise Plant.  See Complaint ¶¶ 64-68.[4]   If EPA were to take the action Plaintiffs seek to compel and either "modify, terminate, or revoke" a Title V operating permit issued by Kentucky, such action would have local or regional applicability and would not be national in scope.  Accordingly, under Clean Air Act section 307(b), such EPA action would be exclusively reviewable in the appropriate regional judicial circuit – the Sixth Circuit.

---

[4] While not material to resolution of the instant motion to transfer, as noted above, see note 1, supra, EPA disputes Plaintiffs' allegation that the State of Kentucky issued a final permit for the Paradise Plant.

Because the action Plaintiffs seek to compel would be exclusively reviewable in the Sixth

Circuit, under the special venue provision at Clean Air Act section 304(a), 42 U.S.C. § 7604(a),

Plaintiffs' unreasonable delay claim can only be filed in a district court within the Sixth Circuit.

> **2.    Plaintiffs' Fourth Claim for Relief Has Been Brought in an Improper Venue**

Plaintiffs in their Fourth Claim for Relief allege that EPA has unreasonably delayed

responding to their administrative petition requesting that EPA promulgate a rule "to correct the

Kentucky SIP so that it fully incorporates the credible evidence rule." See Complaint ¶¶ 84-90.

If EPA were to take the action Plaintiffs' seek to compel, such action would also have solely

local or regional applicability, as discussed further below.

Section 110 of the Act, 42 U.S.C. § 7410, calls on the States to impose controls on

sources of air pollution as necessary to achieve and maintain national ambient air quality

standards or "NAAQS."[5]  Such controls are developed as part of the "state implementation plan"

("SIP") process, a process that requires state rulemaking action followed by review and approval

of state plans by EPA.  For purposes of the NAAQS, the nation is divided into air quality control

regions.  42 U.S.C. § 7407.  A SIP contains enforceable regulations that are designed to achieve

the NAAQS within the State's air quality control regions.

Here, Plaintiffs allege EPA has unreasonably delayed promulgating a rule requiring

Kentucky to amend its SIP to "fully incorporate [EPA's] credible evidence rule."  Complaint ¶

85.[6]  Plaintiffs allege that EPA's failure to require Kentucky to amend its SIP to incorporate the

---

[5] See note 2, supra.

[6] As noted above (see note 3 supra), EPA's credible evidence rule amended regulatory language in 40 C.F.R. Parts 51, 52, 60 and 61, to clarify that nothing in those regulations precludes the use of any credible evidence or information to show compliance or noncompliance with applicable

(continued...)

credible evidence rule impairs the ability of EPA, Kentucky and citizens to ensure compliance with permit limits at the TVA Paradise Plant and other facilities in Kentucky.  Complaint ¶¶ 11,13,15.

Assuming, solely for the sake of argument, that EPA were to grant Plaintiffs' petition and initiate a rulemaking to require Kentucky to amend its SIP to incorporate the credible evidence rule, any resulting amendment of Kentucky's SIP would solely affect sources of air pollution within the State of Kentucky.  Likewise, assuming, solely for the sake of argument, that EPA were to deny Plaintiffs' petition, any impact arising from that denial would solely affect sources of air pollution within the State of Kentucky.  Accordingly, the action Plaintiffs' seek to compel is one of local or regional applicability and reviewable exclusively in the Sixth Circuit pursuant to Clean Air Act section 307(d), 42 U.S.C. § 7607(d).  Because the action Plaintiffs seek to compel would be exclusively reviewable in the Sixth Circuit, Plaintiffs' unreasonable delay claim must be filed in a district court within the Sixth Circuit.  42 U.S.C. § 7604(a).

### 3.     The Western District of Kentucky is the Most Appropriate Forum Should the Court Elect to Transfer and Not Dismiss

Under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), the Court, in its discretion, may either dismiss a Complaint filed in an improper venue or transfer the case to an appropriate venue.  Should the Court elect to exercise its discretion to transfer this case, any district court within the United States Court of Appeals for the Sixth Circuit is a potentially proper venue under 42 U.S.C. § 7604(a).  However, because Plaintiffs' claims largely relate to a specific plant located within the Western District of Kentucky, EPA believes that the Western District of Kentucky is the most appropriate venue, in the event the Court elects to transfer.  "[T]he interests

---

[6]/(...continued)
emission limitations and standards.   62 Fed. Reg. 8314 (Feb. 24, 1997).

of justice are promoted when a localized controversy is resolved in the region that it impacts."

National Wildlife Fed'n v. Harvey, 437 F. Supp. 2d 42, 50 (D.D.C. 2006).

## II.     IT IS IN THE INTEREST OF JUSTICE FOR PLAINTIFFS' ENTIRE COMPLAINT TO BE DISMISSED OR TRANSFERRED

Plaintiffs' Complaint also contains two nondiscretionary duty claims (Plaintiffs' First and

Second Claims for Relief, Complaint ¶¶ 64-74) that are not subject to the special restrictive

statutory venue provision precluding unreasonable delay claims from proceeding in this Court.[7]

While the nondiscretionary duty claims are not subject to the same venue restriction, it is in the

interest of justice and judicial economy for the Court to either dismiss or transfer the Complaint

in its entirety.  In other circumstances where some, but not all, of the claims within a complaint

have been filed in an improper forum, this Court has held that "[i]t is in the interest of justice to

transfer an entire complaint rather than to have it heard in two different venues."  McCullough v.

Bureau of Prisons, 2006 WL 667166, at *3 (citation & quotation marks omitted).  See also

Ridgely v. Chao, 2006 WL 626919, at *4; Saran v. Harvey, 2005 WL 1106347, at *4; Crenshaw

v. Antokol, 287 F. Supp. 2d at 42-43, 45.

Here, Plaintiffs' unreasonable delay claims and nondiscretionary duty claims involve the

same subject matter, and it would clearly frustrate judicial economy and risk inconsistent

judgments to split the case apart.  Indeed, Plaintiffs' second claim for relief (alleging failure to

perform a nondiscretionary duty) and third claim for relief (alleging unreasonable delay) are

framed as alternative claims for relief and seek to compel precisely the same EPA action (EPA

---

[7]  While also not material to resolution of the instant motion to dismiss or transfer based on improper venue, EPA notes that it further contends that Plaintiffs' nondiscretionary duty claims are subject to dismissal based on lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.  Thus, should the case be transferred, or should this motion be denied, EPA intends to file a subsequent motion to dismiss the nondiscretionary duty claims on other grounds.

action to modify, terminate, or revoke a Title V permit for the Paradise Plant).

Beyond considerations of judicial economy, this case involves issues local to Kentucky and directly affects the citizens of Kentucky.  It is therefore not in the public interest for any portion of the case to be resolved in the District of Columbia.  The interests of justice are promoted when a localized controversy is resolved in the region that it impacts.  National Wildlife Fed'n v. Harvey, 437 F. Supp. 2d at 50.  See also  DeLoach v. Philip Morris Cos., 132 F. Supp. 2d 22, 26 (D.D.C. 2000) (noting that "most persuasive factor" supporting transfer of venue to North Carolina was fact that "[p]laintiffs' allegations are far more likely to constitute a 'matter of great public concern' to the citizens of North Carolina than to the citizens of the District of Columbia") (citation omitted); Valley Community Preservation Comm'n v. Mineta, 231 F. Supp. 2d 23, 47 (D.D.C. 2002) (granting motion for change of venue in part because "the resolution of this action will have its most profound impact on New Mexico residents who live in the area of the proposed [highway] construction project"); Hawksbill Sea Turtle v. FEMA, 939 F. Supp. 1, 3 n.5 (D.D.C. 1996) (noting importance of allowing local citizens to attend and observe proceedings); Citizen Advocates For Responsible Expansion Inc. v. Dole, 561 F. Supp. 1238, 1240 (D.D.C. 1983) (stating that "justice requires that . . . localized controversies should be decided at home").

In short, it is in the interests of justice for Plaintiffs' entire Complaint to be either dismissed or transferred.

13

## CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiffs' Complaint should either be

dismissed or transferred to the United States District Court for the Western District of Kentucky.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources
      Division
U.S. Department of Justice


_____/s/_____
ERIC G. HOSTETLER, Attorney
D.C. Bar No. 445917
Environmental Defense Section
P.O. Box 23986
L'Enfant Plaza Station
Washington, D.C.  20026-3986
(202) 305-2326

Of Counsel

APPLE CHAPMAN
Office of General Counsel
United States Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C.  20460

VERA KORNYLAK
Office of Regional Counsel
United States Environmental Protection Agency
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W.
Atlanta, GA 30303-8960

DATED: October 10, 2006

14