**D.    The Doctrine Of Pendent Venue Is Applicable To The Third And Fourth Claims For Relief.**

Though the most important consideration in a decision to exercise pendent venue is the existence of a common nucleus of operative facts, other factors include convenience, avoidance of piecemeal litigation, fairness, and the convenience of the court.  As explained below, all of the claims asserted by CBD arise from a common nucleus of operative fact, and all prudential considerations favor this Court's exercise of pendent venue.

**1.    CBD's Claims Arise From A Common Nucleus Of Operative Facts**

CBD's Third Claim for Relief challenges Defendants' unreasonable delay in modifying, terminating, revoking, issuing or denying the Title V permit for TVA Paradise.  The claim is presented in the alternative to the Second Claim for Relief, a mandatory duty claim challenging the same conduct and seeking the same remedy. EPA acknowledges that these two claims "seek to compel precisely the same conduct." EPA Brief, p. 12.  Thus, any argument that the two claims do not arise from a common nucleus of operative facts is totally without merit, as the only difference in the claims is the law CBD seeks to have the Court apply to those opeative facts.

CBD's Fourth Claim for Relief also arises from that same nucleus of operative fact.  The operative facts are: (1) Kentucky purported to issue TVA Paradise a Title V permit that did not authorize the use of any credible evidence to establish compliance, or non-compliance, with the permit; (2) Kentucky basis for not including the Credible Evidence Rule into the TVA Paradise Title V permit is the fact that the Kentucky SIP does not yet contain the Credible Evidence Rule, See Exhibit 3 at 11, response to comment 12; (3) CBD petitioned for an objection to the TVA Paradise Title V permit on seven grounds, including the failure to include a provision stating that anyone can use of any credible evidence to establish compliance or noncompliance; (4) included in CBD's Title V petition was a request in the alternative and pursuant to the APA that EPA

23