IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al. | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) Civ. Action No. 06-CV-1350 (GK) |
| STEPHEN L. JOHNSON, in his official capacity as Administrator, United States Environmental Protection Agency, et al. | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**EPA'S REPLY IN SUPPORT OF MOTION TO DISMISS
FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER**

**INTRODUCTION**

In their opposition to EPA's motion to dismiss or transfer, Plaintiffs do not dispute that the applicable CAA special venue provision, 42 U.S.C. § 7604(a), by its terms precludes Plaintiffs from pursuing their two unreasonable delay claims in this Court. Notwithstanding this concession, Plaintiffs argue that this Court may consider Plaintiffs' unreasonable delay claims applying the pendent venue doctrine. But the pendent venue doctrine has no applicability here. This Court has made clear in previous decisions that a specific Congressional limitation on venue as set forth in a special venue statute is controlling, and that plaintiffs cannot employ the pendent venue doctrine to circumvent such a limitation by combining claims that are subject to such a statute with claims that may be heard only under the general venue statute. Moreover, even if this rule had not already been made clear, the doctrine of pendent venue would not apply here anyway because Plaintiffs' unreasonable delay claims involve a significantly different set of facts and proof than Plaintiffs' nondiscretionary duty claims.

Furthermore, even assuming for the sake of argument that the doctrine of pendent venue were applicable, it would be an inappropriate exercise of discretion for the Court to apply the pendent venue doctrine here. Public interest and judicial economy considerations strongly favor dismissal or transfer. First, this case involves issues local to Kentucky and most directly affects Kentucky residents, so that public interest considerations favor resolution of this case in Kentucky. Second, there are alternative venues available that are proper for <u>all</u> of Plaintiffs' claims. Thus, exercise of the pendent venue doctrine is unnecessary to avoid piecemeal litigation of Plaintiffs' claims. Third, individual Plaintiffs and Plaintiffs' counsel themselves reside in Kentucky, so resolution of Plaintiffs' claims would not inconvenience or prejudice them.

## ARGUMENT[1/]

**I.    THE PENDENT VENUE DOCTRINE DOES NOT APPLY**

   **A.    A Clear Limitation on Venue in a Special Venue Statute Cannot Be Circumvented By Including Other Claims in A Complaint That Can be Heard Pursuant to the General Venue Statute**

Generally speaking, there are two types of federal venue statutes: special venue statutes and the general venue statute promulgated at 28 U.S.C. § 1391. <u>Norkol/Fibercore, Inc. v. Gubb</u>, 279 F. Supp. 2d 993, 999 (E.D. Wis. 2003). The general venue statute governs venue of claims brought in federal court against the United States except where venue is "otherwise provided by

---

[1/] EPA notes that Plaintiffs' opposition contains an extended statutory and factual background discussion. <u>See</u> Opp. at 3-15. This discussion appears largely intended to bolster Plaintiffs' claims on the merits and is unrelated to issues of venue. While EPA does not concur with, and reserves the right to dispute in future briefing, all of the factual and legal characterizations set forth in Plaintiffs' background section, it is unnecessary for EPA to respond to such characterizations at this time because they are irrelevant to venue issues raised in EPA's motion.

2

law." 28 U.S.C. § 1391. Special venue statutes are typically intended to control venue of claims brought under a statute to which they relate and override the general venue statute. Norkol/Fibercore, Inc., 279 F. Supp. 2d at 999.

Under the doctrine of pendent venue, claims governed by a general venue statute may be brought in the same district as a claim governed by a special venue statute where the claims share a common nucleus of operative fact and proof, and interests of sound judicial economy are furthered by hearing claims for which venue is not otherwise proper. Id.; Boggs v. United States, 987 F. Supp. 11, 17 (D.D.C. 1997). However, "the converse is not true." Norkol/Fibercore, Inc. v. Gubb, 279 F. Supp. 2d at 999. Where claims are governed by a special venue statute, such claims may be brought only in a district specified by the special venue statute. Id. "This is so because congressional intent to limit the available districts is clear and cannot be circumvented." Id.

This Court has repeatedly applied this rule and refused to apply pendent venue to override Congress' direction in a special venue statute. See Jyachosky v. Winter, No. Civ. A. 04-01733, 2006 WL 1805607, at *4 .3 (D.D.C. June 29, 2006) (holding that Court "is compelled" to abide by restrictions in Title VII special venue statute and could not find pendent venue based on presence of other claims with venue available under the general venue statute); Boggs v. United States, 987 F. Supp. at 17-19 (rejecting exercise of pendent venue over Federal Tort Claims Act ("FTCA") claim because "[t]o permit pendent venue on the facts of this case would place this court in the position of circumventing otherwise clear congressional intent as to where FTCA claims are to be heard"); Bartel v. Federal Aviation Admin., 617 F. Supp. 190, 197-98, n.33 (D.D.C. 1985) (holding Court "lacks the authority" to ignore congressional intent to

limit venue in which Title VII actions may be brought by finding pendent venue).

This Court's decision in Jyachosky, for example, is instructive. In Jyachosky, plaintiffs brought discrimination claims under Title VII of the Civil Rights Act of 1964 along with claims under the Age Discrimination in Employment Act ("ADEA"). The Court found that a special venue provision governed Title VII claims, and that plaintiffs had failed to establish venue for the Title VII claims on any of the available grounds under that special venue provision. 2006 WL 1805607 t * 2-3. The plaintiffs argued that the Court should nonetheless exercise pendent venue over the Title VII claims based on the fact that the District of Columbia was a proper venue for Jyachosky's ADEA claims pursuant to the general venue statute. The Court rejected this argument, explaining that where Congress "clearly limited the scope of venue" through a special venue statute, "the Court is compelled to abide by such restrictions." 2006 WL 1805607, at *4 (emphasis added) (citing Bartel v. Fed. Aviation Admin., 617 F. Supp. at 198, n.33).

The CAA special venue statute at issue in this case, like the special venue statutes in Title VII and the FTCA, governs where unreasonable delay claims under the CAA may be brought. Thus, as in Jyachosky, Bartel, and Boggs, the doctrine of pendent venue cannot be applied here to undermine Congress' specific direction. In short, Plaintiffs cannot circumvent the CAA special venue provision by combining their unreasonable delay claims with nondiscretionary duty claims that may be brought in this Court pursuant to the general venue statute.

Plaintiffs' reliance on the D.C. Circuit's decision in Beattie v. United States, 756 F.2d 91 (D.C. Cir. 1985), is misplaced as that case is easily distinguishable. Beattie involved an action under the FTCA alleging negligence on the part of the U.S. Navy stemming from a plane crash in Antarctica. All of the plaintiffs were residents of either Great Britain or New Zealand,

meaning that venue could not be established anywhere under the portion of the FTCA special venue provision that places venue "in the judicial district where the plaintiff resides." Id. at 100. However, venue could be established in the District of Columbia under the FTCA special venue provision for some of Plaintiffs' FTCA claims based on the fact that some alleged negligent acts occurred in the District of Columbia. Id. Based on the fact that venue could be established in the District under the FTCA for some of Plaintiffs' FTCA claims, the D.C. Circuit in Beattie invoked the doctrine of pendent venue to hold that remaining FTCA claims based on alleged negligence in Antarctica could also be heard in the District of Columbia. Id. at 100-104. In doing so, the D.C. Circuit was mindful of the fact that otherwise the plaintiffs' FTCA claims could not be heard anywhere (i.e., there would be a "venue gap"). Id. at 104.

In contrast to Beattie, there is no "venue gap" in this case. Plaintiffs do not dispute that there are alternative venues in which they could bring all of the claims set forth in their Complaint. For example, Plaintiffs could have brought their nondiscretionary duty claims, as well as their unreasonable delay claims, in the United States District Court for the Western District of Kentucky. See 28 U.S.C. § 1391(e).[2] Moreover, in Beattie, the D.C. Circuit emphasized that the plaintiffs met the terms of the special venue provision at least for some of their claims. 756 F.2d at 103, n.82. Here, Plaintiffs here cannot meet the CAA special venue provision at all and endeavor to circumvent the CAA special venue provision completely.

---

[2] The Western District of Kentucky is a proper venue for Plaintiffs' nondiscretionary duty claims because Plaintiff Preston Forsythe resides in the Western District of Kentucky (see Opp. at 24). It is also a proper venue because a substantial portion of the events giving rise to the purported claims occurred in Kentucky, as Plaintiffs' nondiscretionary claims relate to alleged deficiencies in a proposed permit issued by the Commonwealth of Kentucky for a power plant located within the Western District of Kentucky.

B.  **The Doctrine of Pendent Venue Does Not Apply Because Plaintiffs' Unreasonable Delay and Nondiscretionary Duty Claims are Not Based on a Common Nucleus of Operative Facts or Proof**

Even if this Court had not previously made clear that it cannot apply pendent venue to override Congress' clear direction in a special venue statute, the doctrine of pendent venue would not apply here. Before applying the doctrine of pendent venue, a district court must evaluate the following factors: (1) whether the pendent and non-pendent claims arise out of a common nucleus of operative facts; (2) whether the pendent and non-pendent claims present common issues of proof, including the same witnesses. Reuber v. United States, 750 F.2d 1039, 1048 (D.C. Cir. 1984). Here, Plaintiffs' two unreasonable delay claims involve very different operative facts and proof than Plaintiffs' nondiscretionary duty claims.

1.  **Plaintiffs' Unreasonable Delay Claim Relates to Its Petition for EPA to Promulgate a Statewide Rulemaking While Plaintiffs' Nondiscretionary Duty Claims Relate to a Particular Plant Permit**

Plaintiffs in their Fourth Claim for Relief allege that EPA has unreasonably delayed responding to their administrative petition requesting that EPA promulgate a rule to "correct the Kentucky [State Implementation Plan][3] so that it fully incorporates the credible evidence rule."[4] See Complaint ¶¶ 84-90. Thus, Plaintiffs request that EPA take action to compel Kentucky to

---

[3] As noted in EPA's opening brief (see EPA Opening Br. at 10), section 110 of the CAA, 42 U.S.C. § 7410, calls on the States to impose controls on sources of air pollution as necessary to achieve and maintain national ambient air quality standards or "NAAQS." Such controls are developed as part of the "state implementation plan" ("SIP") process, a process that requires state rulemaking action followed by review and approval of state plans by EPA.

[4] As noted in EPA's opening brief (see EPA Opening Br. at 6, n.3), the "Credible Evidence Rule," 62 Fed. Reg. 8314 (Feb. 24, 1997), amends certain EPA regulations implementing the Clean Air Act to clarify that such regulations do not preclude the use of any credible evidence or information to show compliance or noncompliance by sources of air pollution with applicable emission limitations and standards.

change state regulations in a manner that would affect <u>all</u> air emission sources within Kentucky. In contrast, Plaintiffs' nondiscretionary duty claims are narrowly related to the permitting of one specific air emission source within Kentucky – the Tennessee Valley Authority's Paradise Plant.

### 2. Plaintiffs' Third Claim for Relief Involves a Different Set of Facts and Proof Than Plaintiffs' Second Claim for Relief

Plaintiffs' Third Claim for Relief (contending that EPA has unreasonably delayed taking action to modify, terminate, or revoke a proposed permit for the Paradise Plant) also involves a different set of facts and proof than Plaintiffs' Second Claim for Relief (contending that EPA has a nondiscretionary duty to modify, terminate or revoke the permit).

As an initial matter, Plaintiffs Second and Third Claims do not constitute a "single cause of action" despite the fact they seek the same relief. <u>See</u> Opp. at 22. In the CAA citizen suit provision, 42 U.S.C. § 7604, Congress specifically differentiated between nondiscretionary duty claims and unreasonable delay claims recognizing that these claims are inherently very different in nature. <u>See</u> 42 U.S.C. § 7604(a) (specifying different venue and notice requirements for unreasonable delay claims and nondiscretionary duty claims). A nondiscretionary duty claim may be brought to compel agency action where a statute sets forth a bright-line deadline for agency action, so that there is a congressionally-prescribed mandate that "deprives EPA of all discretion over the timing of its work." <u>American Lung Ass'n v. Reilly</u>, 962 F.2d 258, 262-63 (2d Cir. 1992) (citing <u>Sierra Club v. Thomas</u>, 828 F.2d 783, 791 (D.C. Cir. 1987)). In contrast, an unreasonable delay claim may be brought to compel agency action where a statute requires the action, but prescribes no definite deadline. <u>American Lung</u>, 962 F.2d at 963.[5]

---

[5] While the Court need not address this issue to resolve the instant motion, Plaintiffs' claim that EPA must modify, terminate or revoke the proposed Title V permit is properly stated as a claim
(continued...)

The proof required to prevail on an unreasonable delay claim is far from "identical" (see Opp. at 23) to the proof required to prevail on a nondiscretionary duty claim.  In the case of a nondiscretionary duty claim, a plaintiff must demonstrate just that the statute sets forth a bright-line deadline for agency action and that the agency has missed that deadline.  In contrast, in the case of an unreasonable delay claim, numerous factors are considered to determine the reasonableness of an agency's delay.  See Telecommunications Research & Action Ctr. v. FCC, 750 F.2d 70. 79-80 (D.C. Cir. 1984) (adopting a multi-part test to guide inquiry into the reasonableness of agency delay).

### C. Dismissal or Transfer Best Serves the Interests of Justice and Judicial Efficiency

Even assuming, solely for the sake of argument, that the doctrine of pendent venue were otherwise applicable, it would not be an appropriate exercise of discretion for the Court to apply the pendent venue doctrine here because public interest and judicial economy considerations strongly favor dismissal or transfer.

In the first place, it furthers the public interest for Plaintiffs' claims to be resolved in Kentucky, as opposed to the District of Columbia, because the claims involve the regulation of pollution from sources in Kentucky and directly affects the citizens of Kentucky.  Plaintiffs' assertion (see Opp. at 2) that this case lacks any "practical connection" to Kentucky defies common sense.  Three of Plaintiffs' claims relate to a state-proposed permit for a power plant (the TVA Paradise Plant) located in Muhlenberg County, Kentucky.  The fourth claim relates to Kentucky's regulatory program for air emission sources more generally.  Plaintiff Preston

---

[5]/(...continued)
for unreasonable delay, because the underlying statute sets no date-certain deadline for agency action to modify, terminate or revoke a proposed Title V permit.

8

Forsythe alleges that he resides in Muhlenberg County and that he and his family "encounter the pollutants emitted by TVA Paradise everyday in the air they breathe," and that he observes "on a regular basis, visible pollutants, in the form of a great plume of black or rust colored smoke, rising from TVA Paradise in the air and falling to the ground and onto surface water near his home." Complaint ¶ 12. Clearly this case has a "connection" to Kentucky.[6/]

Furthermore, Plaintiffs' argument that resolution of Plaintiffs' claims in this Court is somehow necessary to avoid "piecemeal litigation" is simply wrong. See Opp. at 25. As discussed above (see, supra, at 5), there are alternative venues available in which Plaintiffs could properly bring all of their claims – for example, the United States District Court for the Western District of Kentucky. Accordingly, should this Court dismiss Plaintiffs' claims for improper venue, Plaintiffs could simply refile all of their claims in a proper venue. If this Court were, in the alternative, to transfer Plaintiffs' Complaint, Plaintiffs' claims could be litigated in that venue. Either way, no "piecemeal litigation" results. See Opp. at 25. There is no "venue gap" as in Beattie.

There is also no reason to believe that litigation in the District of Columbia would be any more convenient for the parties and their counsel than litigation in Kentucky. The two individual Plaintiffs and Plaintiffs' counsel reside in Kentucky. Plaintiffs emphasize that EPA

---

[6/] Plaintiffs note that pollution from sources in Kentucky may cross state boundaries. See Opp. at 26-27. While this is correct, it can still reasonably be anticipated that the regulation of pollution from sources in Kentucky (and the Paradise Plant particularly) will most directly impact persons who reside in Kentucky. Moreover, contrary to Plaintiffs' argument (see Opp. at 26-27), this Court has previously transferred claims under the Clean Air Act involving air pollution on grounds that the claims raise localized issues. See Airport Working Group of Orange County, Inc. v. United States DOD, 226 F. Supp. 2d 227 (D.D.C. 2002) (transferring suit claiming disposition of air station violated Clean Air Act to Central District of California).

Headquarters officials and counsel are located in Washington, D.C. (see Opp. at 25), but fail to point out that nondiscretionary duty and unreasonable delay claims under the Clean Air Act are resolved ordinarily on cross-motions without any need for discovery or any evidentiary hearing requiring witnesses. And if an evidentiary hearing were for some reason necessary, such hearing could well involve witnesses in Kentucky (e.g., testimony by individual Plaintiffs related to their standing to maintain suit or testimony by officials from the Commonwealth of Kentucky regarding their timetable for responding to EPA's permit objections).

Plaintiffs' counsel additionally argues that pendent venue is appropriate because he practices more often in Washington, D.C. than in Kentucky, where he resides. But the fact Plaintiffs' counsel frequently practices in Washington D.C. does not somehow make it more convenient or less expensive for him to litigate outside of the State where he resides. See Opp. at 2, 24. In addition, even if Plaintiffs' counsel is not currently admitted to practice before the Western District of Kentucky (See Opp. at 24), the minimal requirements to appear in a particular case in that court *pro hac vice* are hardly burdensome. See United States District Court for the Western District of Kentucky Local Rules 83.2.

Finally, there is no reason to believe that dismissal or transfer would result in any "undue delay." See Opp. at 2. If the case were transferred, the case would proceed forthwith in the proper venue. If the case were alternatively dismissed for lack of proper venue, Plaintiffs would be free to refile in a proper venue. To the extent that the need to refile following dismissal results in any small delay in the ultimate resolution of Plaintiffs' claims, the delay would not constitute an "undue delay" and would be attributable directly to Plaintiffs' own failure to file in a proper forum in the first instance.

**II.    THE WESTERN DISTRICT OF KENTUCKY IS THE MOST APPROPRIATE FORUM FOR TRANSFER**

For the reasons set forth in EPA's opening brief, EPA continues to submit that the United States District Court for the Western District of Kentucky is the most appropriate venue should the Court elect to exercise its discretion to transfer.  If, however, the Court concludes that the United States District Court for the Eastern District of Kentucky is a more appropriate venue based on the fact that one of Plaintiffs' claims has statewide applicability and that Plaintiffs' counsel represents the Eastern District of Kentucky would be more convenient, EPA would not object to such transfer.

## CONCLUSION

WHEREFORE, for the reasons set forth above and in EPA's opening memorandum, Plaintiffs' Complaint should either be dismissed or transferred to the United States District Court for the Western District of Kentucky.

                Respectfully submitted,

                SUE ELLEN WOOLDRIDGE
                Assistant Attorney General
                Environment and Natural Resources
                     Division
                U.S. Department of Justice

                _____/s/_____
                ERIC G. HOSTETLER, Attorney
                D.C. Bar No. 445917
                Environmental Defense Section
                P.O. Box 23986
                L'Enfant Plaza Station
                Washington, D.C.  20026-3986
                (202) 305-2326

<u>Of Counsel</u>

APPLE CHAPMAN
Office of General Counsel
United States Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C.  20460

VERA KORNYLAK
Office of Regional Counsel
United States Environmental Protection Agency
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W.
Atlanta, GA 30303-8960

DATED: November 2, 2006