IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVISORY, *et al.* | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Civil. Action No. 06-1350 (GK) |
| STEPHEN L. JOHNSON, *et al.* | ) ) ) |
| Defendants. | ) ) |

[PROPOSED] ORDER

Currently before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs [Doc. ]. The Court finds that Plaintiffs are eligible and entitled to costs of litigation, including attorneys' fees, pursuant to 42 U.S.C. § 7604(d). The Court finds that the hourly rates requested by Plaintiffs are reasonable. The well established "forum rate" rule's narrow exception established in <u>Davis County Solid Waste Mgmt. v. EPA</u>, 169 F.3d 755 (D.C. Cir. 1999) does not apply to this case. The exception in <u>Davis</u> was to prevent a plaintiff from receiving a windfall between what it actually paid for legal services and what it recovered from the defendant. Because the Plaintiffs have not paid anything for legal services in this case, but rather were represented on a *pro bono* basis, there is no chance that the Plaintiffs will receive a windfall and thus, the <u>Davis</u> exception does not apply. Furthermore, the <u>Davis</u> exception is to be applied when there is an extreme difference between the rates in this forum and the rates the plaintiffs' counsel normally receives. In this case, the only evidence is that Plaintiffs' counsel actual market rates are essentially equivalent to the U.S. Attorneys' Office Laffey Matrix rates. The Court will not penalize Plaintiffs' counsel because they chose to do most of their work on a *pro bono* basis but

1

rather will accept Plaintiffs' counsel actual rates as fair market rates. Thus, again, the Davis exception is inapplicable to the facts of this case. Finally, what court the Defendants believe this case should have been litigated in is not relevant to what is a reasonable hourly rate to award in this case. What is relevant is that the case was litigated in this Court. In any event, venue is proper in this Court. It is undisputed that venue is proper in this Court for Plaintiffs' first and second cause of action. Plaintiffs third cause of action was plead in the alternative. Plaintiffs' second cause of action is viable and so the Court need not concern itself with the alternative third cause of action. In any event, pendant venue would apply to the third and four causes of action. Finally, Defendants have only offered speculation to support their claim that the fourth cause of action did not have proper venue in this Court. At its core, this case is about federal government officials based in Washington, D.C. failing to take required actions. Thus, this Court is the most appropriate and convenient venue. Thus, Plaintiffs' rates are reasonable as are their number of hours requested.

Therefore, it is hereby ORDERED that Plaintiffs' Motion is GRANTED. Defendants shall promptly pay Plaintiffs $48,633 for attorney time and $453.07 in costs pursuant to payment instructions provided to Defense counsel by Plaintiffs counsel.

_____ \_\_\_\_, 2008              _____
                                        GLADYS KESSLER
                                        United States District Judge

**Copies via ECF to all counsel of record**